FAG ITALIA S.P.A., FAG BEARINGS CORP., SKF USA INC., AND SKF INDUSTRIE S.P.A., PLAINTIFFS AND DEFENDANT-INTERVENORS *v.* UNITED STATES, DEFENDANT, AND TORRINGTON CO., DEFENDANT-INTERVENOR AND PLAINTIFF

Consolidated Court No. 95–03–00335–S

(Dated July 29, 1997)

*Grunfeld, Desiderio, Lebowitz & Silverman LLP, (Max F. Schutzman* and *Andrew B. Schroth)* for plaintiffs and defendant-intervenors FAG Italia S.p.A. and FAG Bearings Corporation.

*Howrey & Simon, (Herbert C. Shelley, Alice A. Kipel and Anne Talbot)* for plaintiffs and defendant-intervenors SKF USA Inc. and SKF Industrie S.p.A.

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Velta A. Melnbrencis);* of counsel: *Dean A. Pinkert,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Stewart and Stewart (Terence P. Stewart, Wesley K. Caine, Geert De Prest* and *Lane S. Hurewitz)* for defendant-intervenor and plaintiff The Torrington Company.

OPINION

TSOUCALAS, *Senior Judge:* On November 22, 1996, this Court, in *FAG Italia S.p.A. v. United States,* 20 CIT 1377, 948 F. Supp. 67 (1996), remanded to the Department of Commerce, International Trade Administration ("Commerce"), the final determination concerning the fourth antidumping duty administrative reviews of antifriction bearings ("AFBs") imported from Italy, entitled *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, et al.; Final Results of Antidumping Duty Administrative Reviews, Partial Termination of Administrative Reviews, and Revocation in Part of Antidumping Duty Orders ("Final Results"),* 60 Fed. Reg. 10,900 (1995), as amended, *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France; Amendment to Final Results of Antidumping Duty Administrative Reviews and Recision of Partial Revocation of Antidumping Duty Order ("Amended Final Results"),* 60 Fed. Reg. 16,608 (1995). On remand, the Court instructed Commerce to: (1) utilize the approved tax-neutral methodology for adjusting for value-added taxes for the dumping margins of FAG Italia S.p.A. and FAG Bearings Corporation (collectively "FAG") and SKF USA Inc. and SKF

Industrie S.p.A. (collectively "SKF"); (2) explain the circumstances in which it will apply the reimbursement regulation in exporter's sales price ("ESP") situations; and (3) correct the clerical errors with respect to FAG's U.S. sales.

On January 31, 1997, Commerce released draft remand results and invited interested parties to comment. After receiving comments from The Torrington Company ("Torrington"), Commerce filed its *Results of Redetermination Pursuant to Court Remand, FAG Italia S.p.A. v. United States, Slip Op. 96–187 (Nov. 22, 1996) ("Remand Results").*

Torrington challenges Commerce's explanation of its application of the reimbursement regulation in ESP situations contained in Commerce's Remand Results. Torrington moves for an order directing Commerce to issue a second redetermination and either apply the reimbursement regulation on the basis of evidence already submitted, or collect the necessary additional evidence.

## Discussion

On remand, Commerce clarified that it will apply the reimbursement regulation "if record evidence demonstrates that the exporter directly pays antidumping duties for the importer or reimburses the importer for such duties in ESP situations." *Remand Results* at 5. In response to a request by Torrington to reopen the administrative record, Commerce insists that its position in the Remand Results is consistent with its prior policy and previous court decisions. *Id.* at 5–6. Commerce also argues that further evidence of intra-company transfers would not support the application of the reimbursement regulation since such transfers are not *per se* evidence of reimbursement. *Id.* at 9.

Torrington insists that Commerce has changed its position and, therefore, should be required to reopen the administrative review and investigate the possibility of reimbursement. Torrington contends that, in light of Commerce's new position, domestic industry should have the opportunity to present new evidence. *Torrington's Comments on Commerce's Remand Results ("Torrington's Comments")* at 3–4. Torrington further maintains that the evidentiary burden placed on domestic industry by Commerce's new policy "reduces the reimbursement regulation to a practical nullity." *Id.* at 4.

The Court recently addressed this precise issue in *Torrington Co. v. United States,* 21 CIT 876, Slip Op. 97–106 (July 28, 1997) (holding that Commerce's explanation and application of the reimbursement regulation during the fourth administrative review of AFBs from France was in accordance with law). In upholding Commerce's explanation, the Court stated that "Commerce has not changed its approach to the reimbursement regulation in a manner requiring a reopening of the administrative record." *Torrington,* 21 CIT at 878, Slip Op. 97–106, at 5. The facts of this case are identical to those in *Torrington,* and, therefore, the Court sustains Commerce on this issue.

2. *Other Issues:*

Pursuant to this Court's order, Commerce applied a tax-neutral methodology for adjusting for value-added taxes. *Remand Results* at 2–3. Commerce also corrected a clerical error affecting the calculation of FAG's margin. *Id.* at 10. The Court finds all of the above actions to be in accordance with the Court's remand order in *FAG Italia S.p.A.*, 20 CIT at 1389, 948 F. Supp. at 77, and consistent with law. Therefore, the Court affirms Commerce's Remand Results.

### CONCLUSION

In accordance with the foregoing opinion, the Court finds that Commerce's Remand Results are consistent with law and supported by substantial evidence on the record. Consequently, Commerce's Remand Results are affirmed and this case is dismissed.